# United States District Court
## Central District of California

JS-3

**UNITED STATES OF AMERICA vs.**          **Docket No.**          **LA CR10-00599 JAK (1)**
**LA CR13-00732 JAK**

**Defendant**     Rosa Fernandez

Fernandez, Rose Amelia; Fernandez, Rosie;
Fernandez, Rosa Rocha; Rocha-Fernandez,
akas:  Rose

**Social Security No.**   0   2     0   8

(Last 4 digits)

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this

| MONTH | DAY | YEAR |
|-------|-----|------|
| JUN | 12 | 2014 |

**COUNSEL**          **Robert M. Bernstein, Retained**

(Name of Counsel)

**PLEA**     [X] **GUILTY,** and the Court being satisfied that there is a factual basis for the plea.     [ ] **NOLO CONTENDERE**     [ ] **NOT GUILTY**

**FINDING**     There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

Bank Fraud as charged in 18 U.S.C. § 1344 as charged in Counts 13, 14 and 18 of the First Superseding Indictment in Case No. LA CR10-0559(A) JAK and Count 1 of the Indictment in Case No. LA CR13-00732 JAK

**JUDGMENT AND PROB/ COMM ORDER**     The Court and counsel confer.  Counsel present argument.  Defendant addresses the Court.  The Court places findings on the record and proceeds with sentencing.  The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Rosa Fernandez, is hereby committed to the custody of the Bureau of Prisons for a total term of **NINETY SEVEN (97) MONTHS**. This term is derived as follows: as to Docket No. CR10-00599(A)-JAK, Counts 13, 14, and 18, a term consisting of 84 months on each count, to be served concurrently to each other. As to Docket No. CR13-00732-JAK, Count 1, a term of 13 months, to be served consecutively to Counts 13, 14, and 18, of Docket No. CR10-00599(A)-JAK.   The final 13 months of the sentence shall be served in home confinement as a part of the supervision under supervised release.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years. This term is derived as follows: as to Docket No. CR10-00599(A)-JAK, five years on each of Counts 13, 14, and 18, and as to Docket No. CR13-00732-JAK, three years as to Count 1. All such terms to run concurrently to each other under the following terms and conditions:

1.     The defendant shall comply with the rules and regulations of the U. S. Probation Office, General Order 05-02, and General Order 01-05, including the three special conditions set forth in General Order 01-05;

2.     During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

3.     The defendant shall not be employed in any position that requires licensing and/or certification by any local, state or federal agency without prior approval of the Probation Officer;

4.     The defendant shall cooperate in the collection of a DNA sample from the defendant;

5.     The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

It is ordered that all terms and conditions of the Defendant's pretrial release remain in effect with the following modifications:

The Defendant is relieved of the home confinement and electronic monitoring condition of her pretrial release, however the Defendant is required to continue to wear the GPS surveillance device provided by the Pretrial Services Office. The Defendant is ordered to comply with the following terms of pretrial release:

1. Beginning Monday June 23, 2014, and continuing on every Monday thereafter until her surrender on September 15, 2014, the Defendant is ordered to email her Pretrial Services Officer, Manuel Ibanez, each Monday by 10:00 a.m. with a weekly report of her scheduled activities;

2. The Defendant not permitted to leave the Central District of California unless prior approval is granted by the Court or the U.S. Probation Office;

3. If at any time during the period of pretrial release the Pretrial Services Officer suspects that the Defendant is providing false information or failing to provide information to him, he is ordered to inform the Court as soon as possible;

Unless ordered by the Court, any documents filed under seal in either Docket No. CR10-00599(A)-JAK and Docket No. CR13-00732-JAK are not to be provided to the Bureau of Prisons.

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

In the matter of CR10-599(A)-JAK, it is ordered that the defendant shall pay restitution in the total amount of $3,583,000, pursuant to 18 U.S.C. §3663A to victims as set forth in a separate list prepared by the probation office which this court adopts and which reflects the Court's determination of the amount of restitution due to each victim.  The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

The defendant shall be held jointly and severally liable with any and all co-participants ordered to pay restitution to these victims in connection with the properties listed, for the amount of restitution ordered in CR10-599(A)-JAK. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.
If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

In the matter of CR13-732-JAK, it is ordered that the defendant shall pay restitution in the total amount of $63,485, pursuant to 18 U.S.C.§ 3663A to victims as set forth in a separate list prepared by the probation office which this court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

A partial payment of at least $25,000 shall be paid within 90 days of the date of judgment. Restitution shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income, but not less than $750, whichever is greater, shall be made during the period of supervised release and shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the total amount ordered.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine in addition to restitution.

The defendant shall comply with General Order No. 01-05.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the defendant surrender herself  to the institution designated by the Bureau of Prisons on or before 12 noon, **September 15, 2014.**  In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the Royal Federal Building, 255 East Temple Street, Los Angeles, California 90012.

The Defendant is advised of her right to appeal.

The Court orders the Government to file a "notice" with the Court regarding all pending counts that are to be dismissed as to both Docket No. CR10-00599(A)-JAK and Docket No. CR13-00732-JAK.

The Court recommends to the Bureau of Prisons that the Defendant be housed at a facility located in Southern California. To the extent that this Court has jurisdiction, it is recommended that the Defendant be designated to the FCI Victorville in Victorville, California. If designation at FCI Victorville is not feasible, the Court then recommends designation to FCI Dublin in Dublin, California. The Court orders the parties to stipulate to a third option for designated facility in the event that designation at FCI Dublin is not feasible. Designation as close to Southern California is recommended in the interest of the Defendant's minor children.

**IT IS SO ORDERED.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

__June 30, 2014_____          _____
Date                                JOHN A. KRONSTADT, U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                    Clerk, U.S. District Court

__June 30, 2014_____     By  __/s/ Melissa Kunig_____
Filed Date                        Melissa Kunig, Deputy Clerk

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

| X | The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below). |

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

       1. Special assessments pursuant to 18 U.S.C. §3013;
       2. Restitution, in this sequence:
             Private victims (individual and corporate),
             Providers of compensation to private victims,
             The United States as victim;
       3. Fine;
       4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
       5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

| Defendant delivered on | | to | |
| Defendant noted on appeal on | | | |
| Defendant released on | | | |
| Mandate issued on | | | |
| Defendant's appeal determined on | | | |
| Defendant delivered on | | to | |

USA vs.  Rosa Fernandez

Docket No.:  LA CR10-00599 JAK (1);
LA CR13-00732 JAK

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____
Date

By _____
Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____
Filed Date

By _____
Deputy Clerk

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed)_____
Defendant

_____
Date

_____
U. S. Probation Officer/Designated Witness

_____
Date